UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE NANCY SUE DAVIS TRUST, | § § § | |
| Plaintiff, | § | |
| VS. | § | MISCELLANEOUS ACTION NO. C-09-9 |
| | § | |
| GREGG DAVIS, ET AL | § § | |
| Defendant. | § § | |

## ORDER

On this day came on to be considered Plaintiff's Motion For Leave to File Original Complaint. (D.E. 1.) For the reasons discussed below, the Court hereby REFERS Plaintiff's motion to the bankruptcy court for resolution.

**I.  Jurisdiction.**

This Court and the bankruptcy court have federal subject matter jurisdiction over the present motion pursuant to 28 U.S.C. §§ 1334 and 157(a). The motion falls within the bankruptcy court's core jurisdiction pursuant to 28 U.S.C. § 157(b) because it "requires interpretation of the plan, which is a matter 'arising under title 11.'" Mackey v. M. C. Invs. (In re Martinez), No. 00-40412, 2000 U.S. App. LEXIS 38749, at *4 (5th Cir. Oct. 5, 2000) (citing 28 U.S.C. § 1334(b); Insurance Co. of North America v. NGC Settlement Trust & Asbestos Claims Management Corp. (Matter of National Gypsum Co.), 118 F.3d 1056, 1064 (5th Cir. 1997)); see also 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine ... all core proceedings arising under title 11 ... and may enter appropriate orders and judgments ...").

**II.  Factual and Procedural Background.**

Plaintiff arrives in this Court with the present motion for leave after a long and arduous battle in bankruptcy court. Plaintiff argues, and has argued throughout this dispute, that the

bankruptcy court's March 10, 2006 Order (the "Confirmation Order") Approving the Disclosure Statement and Confirming the Joint Plan of Reorganization of Davis Petroleum Corp., Davis Offshore, L.P., and Davis Petroleum Pipeline, L.L.C (the "Plan")[1] was procured through fraud. (D.E. 1.) Plaintiff first attacked the Confirmation Order through an adversary proceeding in bankruptcy court seeking revocation of the Confirmation Order pursuant to 11 U.S.C. § 1144.[2] The bankruptcy court granted summary judgment[3] in favor of Defendants in that action[4], and this Court dismissed Plaintiff's appeal as equitably moot.[5] As part of its dismissal of Plaintiff's appeal, this Court vacated the bankruptcy court's judgment on the merits to prevent it from having preclusive effect.[6]

Plaintiff now seeks to file a complaint in this Court, alleging fraud, breach of fiduciary duty, gross negligence and conspiracy, based at least in part on the same alleged misconduct giving rise to her section 1144 action. (D.E. 1.) Instead of simply filing her complaint, however, Plaintiff filed a motion for leave to file her complaint, asking the Court to, among other things, interpret the Confirmation Order and Plan and determine whether the releases, indemnifications, and exculpations contained therein bar Plaintiff from proceeding. (Id. at 4.) The Liquidating Trustee, Albert S. Conley, and proposed Defendants, Sankaty Advisors, LLC, Red Mountain Capital Partners LLC, William Mesdag, Gregg Davis, and Evercore Capital Partners II, all filed timely responses. (D.E. 10-15.) While each party raises a number of arguments in its response,

---

[1] Bankruptcy Petition No. 06-20152, D.E. 51.

[2] Adversary Proceeding No. 06-2062, D.E. 1.

[3] Id., D.E. 201.

[4] Davis Petroleum Corporation, Davis Offshore, L.P., Davis Petroleum Pipeline, LLC, Davis Petroleum Acquisition Corporation, Davis Petroleum Holdings Corporation, Davis Offshore Partners, LLC, and Davis Petroleum Investment, LLC.

[5] The Nancy Sue Davis Trust v. Davis Petroleum, et al., 2:08-cv-136, D.E. 50.

[6] Id.

they all assert, first and foremost, that the bankruptcy court is the appropriate forum for adjudicating issues related to the interpretation of the Confirmation Order and Plan. (Id.)

### III. Discussion.

In Bank of La. v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Tex., Inc.), 266 F.3d 388 (5th Cir. 2001), the Fifth Circuit set forth its test for determining the scope of the bankruptcy court's post-confirmation jurisdiction. The Fifth Circuit stated that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." Id. at 390-91; see also United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.), 301 F.3d 296, 304 (5th Cir. 2002). The Fifth Circuit found that bankruptcy jurisdiction was lacking because "the state law causes of action asserted by Craig's against the Bank **do not bear on the interpretation** or execution **of the debtor's plan** and therefore do not fall within the bankruptcy court's post-confirmation jurisdiction." In re Craig's Stores of Tex., Inc., 266 F.3d at 391 (citing 11 U.S.C. § 1142(b)) (emphasis added). "The Fifth Circuit's holding does not bar all post confirmation actions from the bankruptcy court's post-confirmation jurisdiction, just those that have no bearing on the 'interpretation or execution' of the debtor's reorganization plan." Slater Law Firm v. S. Parish Oil Co., C.A. No. 02-2273, 2002 U.S. Dist. LEXIS 19245, at *7-8 (E.D. La. Oct. 8, 2002).

Plaintiff has specifically requested in her motion for leave interpretation of the Confirmation Order and Plan. (D.E. 1.) Had Plaintiff simply filed her complaint with the Court, all Confirmation Order and Plan-interpretation issues, *i.e.*, all of the bankruptcy law issues involved in the present dispute, would have been raised by Defendants as affirmative defenses and affirmative defenses are insufficient to invoke the jurisdiction of the bankruptcy court. See

Malesovas v. Sanders, C.A. No. H-04-3122, 2005 U.S. Dist. LEXIS 42344, at *12 (S.D. Tex. May, 16, 2005) ("That [Defendant] may have defenses based on interpretation of the Contour Plan and/or the Cofirmation Order does not convert Plaintiff's purely state law claims into claims within the Court's bankruptcy jurisdiction.") Plaintiff, however, by deeming interpretation of the Confirmation Order and Plan a prerequisite to her ability to proceed, has herself raised an issue that falls squarely within the core jurisdiction of the bankruptcy court; her motion for leave unquestionably "bear[s] on the interpretation ... of the [Plan]." In re Craig's Stores of Tex., Inc., 266 F.3d at 391 (citing 11 U.S.C. § 1142(b)). It is well-established that "the plaintiff is the 'master' of [her] claim" and, in this case, Plaintiff has styled her claims such that they are, at least at this initial stage, most appropriately resolved by the bankruptcy court. Aaron v. National Union Fire Ins. Co., 876 F.2d 1157, 1161 (5th Cir. 1989) (citing The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)).

Accordingly, the Court hereby refers Plaintiff's motion for leave to the bankruptcy court for resolution. If the bankruptcy court determines that Plaintiff's complaint is not barred by the terms of the Confirmation Order or Plan, Plaintiff may file her complaint with this Court.

**IV.    Conclusion.**

Based on the foregoing, the Court hereby REFERS Plaintiff's motion for leave to the bankruptcy court for resolution.

SIGNED and ORDERED this 21st day of April, 2009.

_____
Janis Graham Jack
United States District Judge